UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:11-21222-CIV-JORDAN/O'SULLIVAN

### CONSENT CASE

YOEL ARANDA and all others similarly situated under 29 U.S.C. 216(B),

      Plaintiff,

vs.

SOUTHWEST TRANSPORT, INC. D/B/A
SOUTHLAND THE TOWING COMPANY
ROBERT J. MURIEDAS

      Defendants.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, by and through undersigned counsel, pursuant to Southern District Local Rule 7.5 and Federal Rule of Civil Procedure 56, and shows the Court that there are at the very least genuine issues of material fact to preclude summary judgment to be entered in favor of Defendants' as follows.

1. Defendants move to dismiss Plaintiff's claim for overtime and minimum wages pursuant to Defendants affirmative Defense of the Motor Carrier Act ("MCA").

2. Plaintiff in turn responds that Defendants are not entitled to the MCA exemption for the following 3 reasons:

   1) All of Plaintiff's work occurred within the State of Florida as such Plaintiff did not engage in interstate commerce for the purpose of the MCA exemption.

2) Defendants other employees sporadic and very limited involvement in interstate commerce was so de minimus that Defendants Corporation does not qualify for the MCA exemption as it relates to the payment of overtime wages.

3) Even if the MCA exemption were to apply (which Plaintiff does not concede), the MCA exemption could only apply to Plaintiff's overtime claim but cannot apply to Plaintiff's minimum wage claim.

## MEMORANDUM OF LAW

A. **SUMMARY JUDGMENT STANDARD.**

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing

First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact"). In the case at hand, there are genuine issues of material fact to preclude summary judgment to be entered in favor of Defendants.

B. **Burden of Proof:**

The Defendants have the burden of proving the exemption claimed under the Fair Labor Standards Act. *Brock v. Norman's Country Market*, 835 F.2d 823, 827 (11th Cir.) *cert denied*, 487 U.S. 1205 (1988). Exemptions under the Fair Labor Standards Act are to be construed strictly and narrowly in favor of coverage of employees, affording maximum coverage to the employees due to the broad remedial purpose behind the Act. *Nicholson v. World Business Network, Inc.,* 105 F.3d 1361 (11th Cir. 1997).

C. **Elements for the MCA Exemption:**

The Eleventh Circuit decision heavily relied upon by Defendants in *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221 (11th Cir. 2009) outlines the elements needed for the MCA exemption:

> The applicability of the motor carrier exemption "depends both on the class to which his employer belongs and on the class of work involved in the employee's job." Id. There are two requirements for an employee to be subject to the motor carrier exemption. First, his employer's business must be subject to the Secretary of Transportation's jurisdiction under the MCA. See *Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181--82 (11th Cir. 1991) (per curiam); id. Second, the employee's business-related activities must "directly affect[] the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning

of the Motor Carrier Act." Baez, 938 F.2d at 182; see also 29 C.F.R. § 782.2(a).

*Walters v. Am. Coach Lines of Miami, Inc.,* 575 F.3d 1221, 1227 (11th Cir. 2009). The Eleventh Circuit decision in *Walters* only dealt with the sub class of drivers that drove buses from the airport to the seaport and could be called upon to drive routes outside the state of Florida per a written contract entered into between the employer and employee. A refusal to comply with said request to drive said routes could result in said employee's termination. As the District Court stated:

> Defendant calls on its drivers to do all different types of work, and upon hiring, Defendant requires its drivers to sign a form acknowledging that they are expected to be able to drive "various jobs, hours and shifts (local & out of town)." Further, the evidence demonstrates that with the exception of Defendant's University shuttle bus drivers, if a driver refuses to perform an assignment without good cause, the refusal is grounds for discipline or being fired.[1]

*Walters v. Am. Coach Lines of Miami, Inc.*, 569 F. Supp. 2d 1270, 1294 (S.D. Fla. 2008). However, the Court denied summary judgment as to the class of drivers that drove the shuttle service for the same employer at the University of Miami and who were asked to drive weekend routes, but had the option to refuse. Therefore, it is clear from both the District Court ruling as well as the Eleventh Circuit's ruling in *Walters*, that an employer can have some drivers exempted under the MCA and other drivers not be exempted under the MCA. "The applicability of the motor carrier exemption "depends both on the class to which his employer belongs and on the class of work involved in the employee's job."" *Walters v. Am. Coach Lines of Miami, Inc.,*

---

[1] Footnote 18 within the quote states: "The revised version of the hiring standards form, which became effective sometime in 2006, requires Defendant's drivers, upon hiring, to acknowledge that they would be able to work "various jobs, hours, shifts (local & out of town) and be willing and able to drive interstate routes.""

575 F.3d 1221, 1227 (11th Cir. 2009). In the case at hand, Plaintiff's work is akin to the drivers in *Walters* that performed local work within the State of Florida and who were not exempt under the MCA exemption.

**D**. **All of Plaintiff's work occurred within the State of Florida:**

The applicability of the motor carrier exemption "depends both on the class to which his employer belongs and on the class of work involved in the employee's job."" *Walters v. Am. Coach Lines of Miami, Inc.,* 575 F.3d 1221, 1227 (11th Cir. 2009). The class of work involved in Plaintiff's job involved towing and attending to vehicles within the local South Florida community and did not involve interstate commerce.

The undisputed evidence demonstrates that Plaintiff worked for Defendants from July 2010 through March 2011. [Muriedas Depo P. 4]. Plaintiff was never asked to drive a vehicle outside the State of Florida. [Muriedas Depo P. 33]. All of Plaintiff's work took place in Dade and Broward County. [Muriedas Depo P. 34]. Plaintiff never anticipated driving vehicles, trailers or equipment outside the State of Florida. [Aranda Affidavit Para. 7]. Plaintiff anticipated that his work would be limited to working Dade and Broward County. [Aranda Affidavit Para 9]. Furthermore, much like the shuttle drivers in *Walters* that drove the shuttle buses at University of Miami, Plaintiff never signed any agreement during the course of his employment with Defendants that placed him on notice that he would be required to drive outside the state of Florida. The District Court in *Walters,* found the absence of such an agreement to be dispositive in determining that the shuttle drivers at the University of Miami were in fact not exempt by virtue of the MCA exemption under the Fair Labor Standards.

In 2002, the Court of Appeal in Colorado dealt with a similar issue in *Major v. Chons Bros.*, 53 P.3d 781 (Colo. Ct. App. 2002). In *Major*, the trial Court granted summary judgment in

favor of one mechanic and 8 tow truck drivers as it related to the motor carrier exemption finding that the motor carrier exemption did not apply. Relying on federal law and interpretation of the Fair Labor Standards Act, the Court of Appeals found that "The FLSA overtime provision applies to tow truck employees, *Brennan v. Valley Towing Co.*, 515 F.2d 100, 104 (9th Cir. 1975)…" *Id* at 784. The employer, the tow truck company, attempted to argue that since the Corporation qualified as a carrier under the act, all of its employees must be exempt. The Court however disagreed and found that the Court must look at the nature of the individual employee's job criteria. "Chons' argument, however, ignores a critical criterion for the exemption: the nature of the *individual* employee's job activities. *See Dole v. Solid Waste Services, Inc.*, 733 F. Supp. 895, 929 (E.D. Pa. 1989)(ultimately, the exemption depends upon the character of the employee's work, not upon the nature of employer's activities), *aff'd*, 897 F.2d 521 (3d Cir. 1990)." *Id* at 784. The Court went on to state, relying in part on an old Fifth Circuit decision:

> Where the employee's continuing job duties have no substantial direct effect on the safety of operation of motor vehicles in interstate commerce, or where such activities are so trivial, casual, and insignificant as to be de minimis, the exemption does not apply. *See* 29 C.F.R. § 782.2(b)(3); *Opelika Royal Crown Bottling Co. v. Goldberg*, 299 F.2d 37, 43 (5th Cir. 1962).

Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). In *Major,* in order to prove that the employees were engaged in interstate commerce, the employer produced all the tickets from all the jobs performed by Plaintiffs who were tow truck drivers. The Court stated:

> Here, plaintiffs' job activities were overwhelmingly conducted in Colorado. The mechanic worked solely in Colorado. The tow truck drivers regularly worked twelve- to eighteen-hour shifts, six days a week. Of the thousands of "tow tickets" Chons produced

> documenting tows conducted by the tow truck drivers over the three years preceding this action, only nine involved out-of-state tows.

Id at 784. Nevertheless, even though there were 9 tows that took place out of state, the court found that 9 jobs performed out of state, out of thousands of jobs performed overall was de minimis to invoke the motor carrier exemption.

> This evidence, which was not disputed by Chons, leads to but one reasonable inference: plaintiffs' interstate commerce activity was de minimis, and thus, the motor carrier exemption from FLSA requirements did not apply. *See Dole v. Solid Waste Services, Inc.*, *supra*, 733 F. Supp. at 929 (employees whose duties related to interstate commerce an "infinitesimal" part of the time were not exempt from FLSA protections); *Kimball v. Goodyear Tire & Rubber Co.*, 504 F. Supp. 544, 548 (E.D. Tex. 1980) (where drivers made one interstate delivery every three weeks, "the interstate portion of the drivers' work was infinitesimal and thus did not exempt the employer from the FLSA").

*Id* at 784-785. Contrast the facts in *Major* to the facts at hand. In the case at hand, Plaintiff never performed any work outside of Florida, nor was it ever contemplated by Plaintiff that he would in fact ever be called upon to perform any work outside the State of Florida. Therefore, as the Court must analyze the employee's duties and not the Corporation as a whole, Plaintiff never performed work outside the State of Florida and as a result the motor carrier act exemption does not apply to Plaintiff's work for Defendants.

The Court should find Plaintiff's duties analogues to that of the Plaintiffs in *Walter* and *Major* and find that Plaintiff is not exempt for the overtime provisions of the FLSA by virtue of the MCA exemption, as all of Plaintiff's work occurred within the state of Florida and as a result Defendants have failed to establish that Plaintiff's work was involved in interstate commerce, a necessary element for the MCA exemption. "Second, the **employee's business-related activities** must "directly affect[] the safety of operation of motor vehicles in the transportation on the

public highways of passengers or property **in interstate or foreign commerce** within the meaning of the Motor Carrier Act." Baez, 938 F.2d at 182; see also 29 C.F.R. § 782.2(a)." [**Emphasis added**], *Walters v. Am. Coach Lines of Miami, Inc.,* 575 F.3d 1221, 1227 (11th Cir. 2009). As Plaintiff's (the employee) business related activities did not directly affect "interstate commerce" Plaintiff is not an exempt employee and is entitled to the full overtime provisions of the Fair Labor Standards Act.

E.  **De Minimus Doctrine:**

  In the case at hand, Defendants do not dispute that they grossed over $500,000 annually [Muriedas Depo P. 3-4]. In fact, based on Defendants answers to Plaintiff's interrogatories, it has been discovered that Defendants gross revenue for the year 2010 was $1,500,000.00 and was expected to be the same for the year 2011. [Exhibit A, answer 14]. Anyone that has received a tow from a tow truck company or has needed the car jump started knows that the rates for these services vary and can range from $50 for smaller jobs to $200 for larger jobs. Nevertheless, for the purpose of these calculations, the undersigned will be generous and assume that Defendants charged an average of $1,000 per a job. Taking said average of $1,000 per a job and dividing it by Defendants total revenue of 1.5 million dollars, would give you 1,500 jobs. As Defendants revenues for 2011 were the same as 2010, that would mean that Defendants had 3,000 jobs that they performed.[2]  Over said two year period, Defendants have been able to point to a total of 5 jobs performed outside the state of Florida, none of which involved Plaintiff. Therefore, if you

---

[2] These numbers are exaggerated to benefit Defendants and there is little doubt that Defendants performed many more jobs than 1,500 per a year or 3,000 over a two year period.

were to divide the 5 out of state jobs by the estimated 3,000 overall jobs (or even by 1,500 total jobs) it would come out to a fraction of one percent.[3]

"On the whole, these cases suggest that a company's interstate business is de minimus if it constitutes less than one percent of the overall trips taken by the company. See *Turk v. Buffets, Inc.,* 940 F. Supp. 1255, 1261--62 (N.D. Ill. 1996) (summarizing cases)." *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1228 (11th Cir. 2009). In the case at hand, Defendants can only point to 5 out of state trips (none conducted by Plaintiff) over the course of a 2 year period in a business that conducts thousands of jobs and conducts millions of dollars in revenue over the course of this two year period. Defendants in the case at hand, have failed to demonstrate that said out of state jobs were in fact not de minimus. The Defendants have the burden of proving the exemption claimed under the Fair Labor Standards Act. *Brock v. Norman's Country Market*, 835 F.2d 823, 827 (11th Cir.) *cert denied*, 487 U.S. 1205 (1988). To the contrary, the evidence demonstrates that 5 jobs over the course of a two year period is in fact de minimus when taking in account the thousands of jobs performed by Defendants employees and the gross revenue for Defendants operations.

As noted above, the Court in *Major v. Chons Bros.*, 53 P.3d 781 (Colo. Ct. App. 2002) dealt precisely with the issue at hand. The Court stated:

> Here, plaintiffs' job activities were overwhelmingly conducted in Colorado. The mechanic worked solely in Colorado. The tow truck drivers regularly worked twelve- to eighteen-hour shifts, six days a week. Of the thousands of "tow tickets" Chons produced documenting tows conducted by the tow truck drivers over the three years preceding this action, only nine involved out-of-state tows.

---

[3] 5 jobs out of 3,000 jobs would be 0.1666 percent, while 5 jobs out of 1,500 jobs would be 0.3333 percent.

Id at 784. Nevertheless, even though there were 9 tows that took place out of state, the court found that 9 jobs performed out of state, out of thousands of jobs performed overall was de minimus to invoke the motor carrier exemption.

> This evidence, which was not disputed by Chons, leads to but one reasonable inference: plaintiffs' interstate commerce activity was de minimis, and thus, the motor carrier exemption from FLSA requirements did not apply. *See Dole v. Solid Waste Services, Inc.*, *supra*, 733 F. Supp. at 929 (employees whose duties related to interstate commerce an "infinitesimal" part of the time were not exempt from FLSA protections); *Kimball v. Goodyear Tire & Rubber Co.*, 504 F. Supp. 544, 548 (E.D. Tex. 1980) (where drivers made one interstate delivery every three weeks, "the interstate portion of the drivers' work was infinitesimal and thus did not exempt the employer from the FLSA")**.**

*Id* at 784-785. Contrats the facts in the case at hand to that in *Major*. In *Major*, the Court found that 9 out of state trips by Plaintiff was de minimus to invoke the MCA exemption, while in the case at hand, Plaintiff never performed any out of State work. However as stated above, the Court must look at Plaintiff's work for Defendants and not the other employees. However, should the Court desire to analyze the out of state work performed by some of Defendants other employees, said out of state work performed by Defendants other employees do not meet the requirements necessary to invoke the motor carrier exemption "periodic activity in interstate commerce does not subject the carrier to continuous ongoing jurisdiction. *Reich*, 33 F.3d at 1156." *Morrison v. Quality Transps.Servs.*, 474 F. Supp. 2d 1303, 1312 (S.D. Fla. 2007). Therefore, if 9 out of state trips by Plaintiff in the *Major* case are insufficient to invoke the MCA exemption, Plaintiff in the case at hand who never performed out of state work, should not be exempted from overtime wages by virtue of the MCA exemption. "The FLSA overtime provision applies to tow truck employees, *Brennan v. Valley Towing Co.*, 515 F.2d 100, 104 (9th Cir. 1975)…" *Id* at 784. "On the whole, these cases suggest that a company's interstate business

is de minimus if it constitutes less than one percent of the overall trips taken by the company. See *Turk v. Buffets, Inc.,* 940 F. Supp. 1255, 1261--62 (N.D. Ill. 1996) (summarizing cases)." *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1228 (11th Cir. 2009). In the case at hand, Defendants 5 out of state trips out of thousands of jobs performed in a two year period, in a multi-million dollar business, are insufficient to trigger the MCA exemption as said out of state work is de minimus.

As there are at the very least genuine issues of material fact, Defendants Motion for Summary Judgment must be denied.

**F**. **Minimum Wage Claim:**

The MCA exemption can be found in 29 U.S.C. 213(b)(1) which refers to the "maximum hour requirements" and not to minimum wage requirements. In the case at hand, Plaintiff has pled two counts, one for overtime wages and one for minimum wages. Therefore, even if the Court were to somehow agree with Defendants as it relates to the overtime claim, the MCA exemption cannot apply as a matter of law to Plaintiff's minimum wage claim. *See*, *Walling v. Mutual Wholesale Food & Supply Co. et al.*, 141 F.2d 331, 339-340 (8th Cir. 1944), *citing* the United States Supreme Court case of *Southland Gasoline Co. v. Bayley*, 319 U.S. 44 (1944), which held that the Motor Act does not apply to minimum wage claims: "the exemption is thus confined to overtime." *See also, Plunkett v. Abraham Bros. Packing Co., Inc.*, 129 F.2d 419, 421 (6th Cir. Tenn. 1942); *Wirtz v. Harrigill*, 328 F.2d 963, 964-65 (5th Cir. 1964). Thus, at the very least, the Motor Carrier Act does not apply to Plaintiff's minimum wage claims regardless.

Wherefore as there are at the very least genuine issues of material fact to preclude the entry of summary judgment in favor of Defendants, this Court should deny Defendants Motion for Summary Judgment in its entirety.

## PLAINTIFF'S RESPONSE TO DEFENDANTS STATEMENT OF MATERIAL FACTS[4]

1. Admitted.

2. Admitted.

3. Denied as set forth above as Plaintiff was not engaged in interstate commerce.

4. Denied based on the facts stated above and the de minimus doctrine. Denied as Plaintiff had Plaintiff was never asked to drive a vehicle outside the State of Florida. [Muriedas Depo P. 33]. All of Plaintiff's work took place in Dade and Broward County. [Muriedas Depo P. 34]. Plaintiff never anticipated driving vehicles, trailers or equipment outside the State of Florida. [Aranda Affidavit Para. 7]. Plaintiff anticipated that his work would be confined to working Dade and Broward County. [Aranda Affidavit Para 9].

Respectfully Submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_/s/ Daniel T. Feld _____
     Daniel T. Feld, Esq.
     Florida Bar Number: 0037013

---

[4] As Defendants have incorporated Defendants statement of material facts into Defendants Motion for Summary Judgment, Plaintiff likewise files his response accordingly.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants Motion for Summary Judgment was sent via CM/ECF to Rafael Ventura, Esq., Ralph Ventura, P.A., 79 SW 12th Street, Suite 1707, Miami, Florida 33130, Email: ralphventura@gmail.com on this 7th day of February 2012.

                                                            Daniel T. Feld, Esq.
                                                            J.H. Zidell, P.A.
                                                            Attorney For Plaintiff
                                                            300 71st Street, Suite 605
                                                            Miami Beach, Florida 33141
                                                            Tel: (305) 865-6766
                                                            Fax: (305) 865-7167

                                                            By:_/s/ Daniel T. Feld _____
                                                                Daniel T. Feld, Esq.
                                                                Florida Bar Number: 0037013