UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21222-CIV-O'SULLIVAN

[CONSENT]

YOEL ARRANDA,

     Plaintiffs,

v.

SOUTHWEST TRANSPORT, INC.,
and ROBERT J. MURIEDAS,

     Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on the Defendants' Motion for Partial Summary Judgment (DE # 31, 1/22/12) and the Plaintiff's Motion for Summary Judgment (DE # 36, 1/30/12). Having carefully considered the parties' motions, the court file and applicable law, the undersigned enters the following Order.

## BACKGROUND

The plaintiff filed a two count complaint against the defendants in this matter on April 7, 2011. (DE # 1, 4/7/12). The case was brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 (FLSA). Count I was for a federal overtime wage violation and Count II was for a federal minimum wage violation. See Complaint (DE# 1, 4/7/11).

On January 22, 2012, the defendants filed the Defendants' Motion for Partial Summary Judgment (DE# 31, 1/22/12) and the Defendants' Notice of Filing Deposition Transcript of Robert Muriedas (DE # 32, 1/22/12). On January 23, 2012, the defendants filed the Defendants' Notice of Filing Affidavit of Robert Muriedas (DE # 33,

1/23/12).  On January 30, 2012, the plaintiff filed the Plaintiff's Motion for Summary

Judgment (DE # 36, 1/30/12) and the Plaintiff's Statement of Undisputed Material Facts

(DE # 37, 1/30/12).  On February 7, 2012, the plaintiff filed the Plaintiff's Response in

Opposition to Defendants' Motion for Summary Judgment (DE # 38, 2/7/12).  On

February 13, 2012, the defendants filed the Defendants' Response to Plaintiff's Motion

for Summary Judgment (DE # 39, 2/13/12) and the Defendants' Response to Plaintiff's

Statement of Undisputed Material Facts (DE # 40, 2/13/12).  On February 16, 2012, the

plaintiff filed the Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion for

Summary Judgment (DE # 41, 2/16/12).  This matter is now ripe for consideration.

## **FACTS** [1]

The defendant Southwest Transport, Inc. (hereinafter "SWT") is a private towing

company located in Miami, Florida. See Deposition of Robert J. Murieda (DE# 37-1 at

6, 1/30/12).  SWT provides towing and wrecker services for vehicles.  The defendant

Robert J. Murieda is the owner of SWT.  Mr. Murieda operates the day-to-day

operations of SWT.  Mr. Murieda was responsible for scheduling the employees of

SWT and for paying their salaries.  See Complaint (DE#1 at 1, 4/7/11).

The plaintiff provided towing services on behalf of SWT as a driver beginning in

July 2010 until March 29, 2011.  The plaintiff's job was to drive a tow truck to pick up

---

1 The facts of the case are set forth with a view toward the evidence and the factual
inferences therefrom in the light most favorable to the non-moving party. Key West
Harbour Dev. Corp. v. Key West, 987 F.2d 723, 726 (11th Cir. 1993). This standard is
not changed by cross-motions for summary judgment, as the Court treats each motion
separately. See Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL
3387689, at *3 (S.D. Fla. Oct.16, 2009) ("When evaluating cross-motions for summary
judgment, the Court analyzes each individual motion on its own merits and thus views
the facts on each motion in the light most favorable to the respective nonmovant.").

vehicles needing towing.  See Deposition of Robert J. Murieda (DE# 37-1 at 5, 1/30/12).

The plaintiff's responsibilities included daily inspection of the oil level and tires.  Id, at

47.  When the plaintiff picked up vehicles, he was responsible for properly securing the

cargo to the tow truck.  See Defendant's Motion for Partial Summary Judgment (DE# 31

at 3, 1/22/12).  The plaintiff was required to be available from 7:00 AM to 7:00 PM on

Monday through Friday, as well as one or two additional night shifts between 9:00 PM

and 11:00 PM.  See Deposition of Robert J. Murieda (DE# 37-1 at 9, 1/30/12). The

plaintiff's pay rate was based on an hourly salary plus a twenty-five percent commission

of the revenue the plaintiff generated for SWT.  Id. at 20.

   SWT's business includes towing services along with services to move heavy

equipment such as industrial generators and mobile homes.  See Defendant's Motion

for Partial Summary Judgment (DE# 31 at 3, 1/22/12).  SWT provides theses services

to the police, government, and private entities.  Id.

   SWT holds itself out as an interstate carrier that transports vehicles and other

heavy equipment across state lines.  Id.  SWT maintains a license issued by the

Department of Transportation (hereinafter "DOT") and a motor carrier number issued by

the Federal Motor Carrier Safety Administration (hereinafter "FMCSA").  Id.  The

FMCSA classifies SWT's operations as "interstate."  Id.  About 90 percent of SWT's

services are performed in Miami-Dade and Broward County.  See Deposition of Robert

J. Murieda (DE# 37-1 at 35, 1/30/12).  During the plaintiff's employment, SWT

conducted approximately five (5) out-of-state trips in which drivers left the state of

Florida.  Id. at 36.

   The plaintiff did not conduct one of the five (5) out-of-state trips performed by

3

SWT during the duration of his employment.  Id. at 34.  On March 29, 2011, the plaintiff

was terminated from SWT.  Id. at 50

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the

standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant

part, as follows:

> The Court shall grant summary judgment if the movant shows that there is
> no genuine dispute as to any material fact and that the movant is entitled
> to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial

responsibility of informing the . . . court of the basis for its motion, and identifying those

portions of the 'pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, which it believes demonstrate the absence of a

genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428,

1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the

moving party has satisfied this burden, the Court is required to view the evidence and

all factual inferences arising therefrom in the light most favorable to the non-moving

party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Cross motions for summary

judgment do not change this standard. "When evaluating cross-motions for summary

judgment, the Court analyzes each individual motion on its own merits and thus views

the facts on each motion in the light most favorable to the respective nonmovant."

Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D.

Fla. Oct.16, 2009). Summary judgment is appropriate when there is no dispute as to

any material fact and only questions of law remain. Id. If the record presents factual

issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress &

Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be

mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense

to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at

322-23.  Consequently, the non-moving party cannot merely rest upon his bare

assertions, conclusory allegations, surmises or conjectures.  Id. As the Supreme Court

noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment . . . against the party who fails to make a showing sufficient to
> establish the existence of an element essential to the party's case, and on
> which the party will bear the burden of proof at trial.  In such a situation,
> there can be "no genuine issue as to any material fact," since a complete
> failure of proof concerning an essential element of the non-moving party's
> case necessarily renders all other facts immaterial.

Id. at 322-23.  Thus, the mere existence of a scintilla of evidence in support of the non-

moving party's position is insufficient. There must be evidence on which the jury could

reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251

(1986).

## ANALYSIS

**I.      Defendants' Motion for Partial Summary Judgment**

The defendants claim they are entitled to partial summary judgment because

Southwest Transport is exempt from the overtime requirements of the FLSA under the

Motor Carrier Act, 29 U.S.C. §213(b) (MCA).[2]  The defendants moved for summary

judgment on the following affirmative defense:

> *Motor Carrier Act*: Under the Motor Carrier Act, 29 U.S.C. §
> 213(b) (the "MCA"), SWT is exempt from the overtime
> requirements of the FLSA in that: SWT is a "motor carrier"
> engaged in interstate commerce; the plaintiff's duties directly
> affected the safety and operation of the defendant's motor
> vehicles; the truck assigned to the Plaintiff had a gross
> weight in excess of 10,000 lbs.

Defendants' Motion for Partial Summary Judgment, (DE # 31, 1/22/12, at pp. 1-2).

Exemptions to the FLSA are narrowly construed against the employer. Alvarez

Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008). The

MCA exemption is found in 29 U.S.C. § 213(b)(1) of the FLSA and provides that the

FLSA's overtime provision, section 207, does not apply "to any employee with respect

to whom the Secretary of Transportation has power to establish qualifications and

maximum hours of service pursuant to the provisions of Section 31502 of Title 49."

Alvarado v. I.G.W.T. Delivery Sys., Inc., 410 F.Supp. 2d 1272 (S.D. Fla. 2006). The

Eleventh Circuit explained that:

> The Secretary has the power to establish qualifications and
> maximum hours of service for employees who (1) are
> employed by carriers whose transportation of passengers or
> property by motor vehicle is subject to the Secretary's
> jurisdiction under the Motor Carrier Act; and (2) engage in
> activities of a character directly affecting the safety of
> operation of motor vehicles in the transportation on the
> public highways of passengers or property in interstate or

---

2 The plaintiff points out in its response to the defendant's Motion for Partial Summary
Judgment that "even if the Court were to somehow agree with Defendants as it relates
to the overtime claim, the MCA exemption cannot apply as a matter of law to Plaintiff's
minimum wage claim."

foreign commerce within the meaning of the Motor Carrier
Act.

Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 181-82 (11th Cir. 1991)

(citing 29 C.F.R. § 782.2(a)); see Opelika Royal Crown Bottling Co. v. Goldberg, 299

F.2d 37, 43 (5th Cir. 1962) (holding that driver helpers who load and unload cargo

affect the safety of the vehicle and are exempt from the overtime provisions of the

FLSA).

29 U.S.C. § 213(b)(1) provides an exemption from the maximum hours and

overtime requirements of FLSA § 207.  Under 29 C.F.R. § 782.2(a), an employee may

be exempt from overtime provisions based on the class to which the employer belongs,

and the class of work involved in the employee's job.  In order for the defendant to fall

under the exemption, the three requirements listed below must be met:

> (1) Interstate commerce must be present;
>
> (2) The defendant/employer must be a carrier that is
> covered by the Motor Carrier Act; and
>
> (3) The activities of the subject employee must affect the
> safety of operation of motor vehicles.

See 29 C.F.R. § 782.2(a).

### A. Was the Defendant's Interstate Commerce Activity De Minimus

As outlined above, the first requirement in order for the defendant to fall within

the exemption under 29 U.S.C. § 213, is that the defendant must conduct business

within interstate commerce.  The FLSA defines "commerce" to mean "trade, commerce,

transportation, transmission, or communication among the several States or between

any State and any place outside thereof."  29 U.S.C. § 203(b).  The defendant SWT is a

7

private towing company located in Miami, Florida.  SWT provides towing and wrecker

services for vehicles.  SWT's business includes towing services along with services to

move heavy equipment such as industrial generators and mobile homes.  SWT

provides theses services to the police, government, and private entities.

SWT holds itself out as an interstate carrier that transports vehicles and other

heavy equipment across state lines.  SWT maintains a license issued by the

Department of Transportation (hereinafter "DOT") and a motor carrier number issued by

the Federal Motor Carrier Safety Administration (hereinafter "FMCSA").  The FMCSA

classifies SWT's operations as "interstate."  About 90 percent of SWT's services are

performed in Miami-Dade and Broward County.  During the plaintiff's employment, SWT

conducted approximately five (5) out-of-state trips in which drivers left the state of

Florida.

Even though the FMCSA classifies SWT's operations as "interstate", the plaintiff

argues that the amount of times trips were made by the defendant out of the State of

Florida were minimal and classify as de minimus.  In  Walters v. American Coach Lines

of Miami, Inc., 575 F.3d 1221 (11th Cir. 2009), the Eleventh Circuit noted that "[t]he *de*

*minimus* requirement may be inapplicable to situations such as this, where the

company has the appropriate federal licensing and there is undisputed proof of some

transportation that crosses state lines.  We can find no cases indicating that this

evidence, by itself, would not be enough to meet the prong."  Walters at 1228.  Here,

because SWT maintains a license issued by the DOT and a motor carrier number

issued by the FMCSA, because the FMCSA classifies SWT's operations as "interstate",

and there is undisputed proof of some transportation that crosses state lines, the

8

undersigned finds the de minimus requirement is inapplicable in this case.

### B. The Defendant Is a Motor Carrier

According to 29 U.S.C. § 213(b), the defendant must be subject to the Motor

Carrier Act in order to fall under the relevant exemption.  Under 49 U.S.C. § 13501 and

29 C.F.R. § 782.1, the Motor Carrier Act provides the Secretary of Transportation with

jurisdiction over "transportation by motor carrier and the procurement of that

transportation, to the extent that passengers, property, or both are transported by motor

carrier between a place in a State and a place in another State; a State and another

place in the same State through another State; ... the United States and a place in a

foreign country to the extent the transportation is in the United States...." 49 U.S.C. §

13501(1).   A "motor carrier" is defined as "a person providing motor vehicle

transportation for compensation."  49 U.S.C. § 13102 (14).  The motor carrier

exemption depends on the existence of the Secretary of Transportation's authority to

regulate the maximum hours and qualifications of the employees, not the actual

exercise of that authority. Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180,

181 n.2. (11th Cir. 1991) (citing Galbreath v. Gulf Oil Corp., 413 F.2d 941, 944 n.4 (5th

Cir. 1969); Opelika Royal Crown Bottling Co. v. Goldberg, 299 F.2d 37, 42 (5th Cir.

1962)); see Morrison v. Quality Transports Services, Inc., 474 F. Supp. 2d 1303, 1309

(S.D. Fla. 2007).

The defendant is a motor carrier because it is in the business of using trucks to

carry property on public highways and the defendant is engaged in interstate

commerce.  See Bilyou v. Duchess Beer Distributors, Inc., 300 F.3d 217 (2nd Cir.

2002).  As the undersigned will discuss below, however, the question arises whether

the motor carrier exemption applies to the plaintiff in this case.

C. The Activities of the Plaintiff Affected the Safety of the Operation of

Motor Vehicles

Under 29 U.S.C. § 213(b), in order for an exemption to apply, the employee's activities must directly affect the safety of the operation of motor vehicles.  49 U.S.C. § 31502(b) authorizes the Secretary of Transportation to "prescribe requirements for -- (1) qualifications and maximum hours of service of employees of and safety of operation and equipment of, a motor carrier; (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation."   The subject exemption applies to drivers, mechanics, loaders and helpers.  See Pyramid Motor Freight Corporation v. Ispass, 330 U.S. 695, 708 (1947); see Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 182 (11th Cir. 1991)(affirming summary judgment in favor of employer and holding that guards riding on trucks were engaged in activities directly affecting the safety of the operation of motor vehicles in interstate commerce).  The name that is given to an employee's position or the work that the employee performs is not controlling in the determination of whether the exemption is applicable.  Pyramid Motor at 707;  Levinson v. Specter Motor Service, 330 U.S. 649, 671 (1947).   ("The fundamental test is simply that the employee's activities affect safety of operation.")   The Court shall consider whether the activities of the employee affect the safety of operation.  Pyramid Motor at 707-708.  As stated in 29 C.F.R. § 782.2(b)(3):

> As a general rule, if the bona fide duties of the job
> performed by the employee are in fact such that he is (or, in
> the case of a member of a group of drivers, driver's helpers,

10

> loaders, or mechanics employed by a common carrier and
> engaged in safety-affecting occupations, that he is likely to
> be) called upon in the ordinary course of his work to
> perform, either regularly or from time to time, safety-affecting
> activities of the character described in paragraph (b)(2) of
> this section, he comes within the exemption in all workweeks
> when his employed at such job.

The plaintiff's responsibilities included daily inspection of the oil level and tires

which affects the safety of the vehicles. There is no dispute that the plaintiff was

involved in the safety of the vehicles.

The undersigned finds that the plaintiff was engaged in safety-affecting activities

in his position for the defendant. See Wirtz v. Robinson & Stephens, Inc., 1972 WL 852

*5 (N.D. Ga. 1972) (applying the Motor Carrier Act exemption and finding mechanics,

wrecker and truck drivers, drivers helpers, loaders, yardmen and dispatchers of the

defendant exempt from the overtime requirements of the FLSA).  In turn, the question

then arises whether the plaintiff was involved in the safety of vehicles entering interstate

commerce.  As discussed below, the undersigned finds that the plaintiff was not

involved in the safety of vehicles entering interstate commerce.  The defendant's

Motion for Summary Judgment is DENIED.

II.     **Plaintiff's Motion for Summary Judgment**

The plaintiff moved for summary judgment on three issues: 1. the defendant

Muriedas was the plaintiff's employer along with SWT and the two defendants are

jointly and severally liable for the wages owed to the plaintiff; 2. SWT is covered by the

FLSA; and 3. the Motor Carrier Exemption does not apply.

In the response to the Plaintiff's Motion for Summary Judgment the defendants

do not dispute the first two issues on which the plaintiff moved for summary judgment:

1. the defendant Muriedas was the plaintiff's employer along with SWT and the two

defendants are jointly and severally liable for the wages owed to the plaintiff; and 2.

SWT is covered by the FLSA.  Therefore the undersigned finds that the defendant

Muriedas was the plaintiff's employer along with SWT and the two defendants are

jointly and severally liable for the wages owed to the plaintiff and that SWT is covered

by the FLSA as a matter of law.

The plaintiff argues that because the plaintiff himself never left the state of

Florida, never agreed to leave the state of Florida, and was never asked to leave the

state of Florida, the MCA exemption is inapplicable.  The defendant owner, Robert

Muriedas, indicated that the plaintiff could have been asked to leave the state of

Florida, but was never asked to leave the state.

Whether the motor carrier exemption applies depends on two things: 1. the class

to which an employer belongs; and 2. the class of work with which an employee is

involved.  Walters v. American Coach Lines of Miami, Inc., 575 F.3d 1221, 1227 (11th

Cir. 2009).  In order for an employee to be subject to the motor carrier exemption, there

are two requirements. Id.  The first prong to be met is that the business of the employer

must be subject to the jurisdiction of the Secretary of Transportation under the MCA.

Id.  The second prong that must be met is that the business activities of the employee

must affect directly "the safety of operation of motor vehicles in the transportation on

the public highways of passengers or property in interstate commerce or foreign

commerce within the meaning of the Motor Carrier Act."  Id, quoting Baez v. Wells

Fargo Armored Service Corp., 938 F.2d 180, 182 (11th Cir. 1991).  Moreover, "[t]he

exemption of an employee from the hours provisions of the Fair Labor Standards Act under section 13(b)(1) depends both on the class to which his employer belongs and on the class of work involved in the employee's job."  29 U.S.C. § 782.2(a) (2002).

There is no dispute that the plaintiff was involved in activities directly affecting the safety of the operation of motor vehicles.  The question then arises of whether the plaintiff was involved in activities directly affecting the safety of the operation of motor vehicles in interstate commerce.  "Where the employee's continuing job duties have no substantial direct effect on the safety of operation of motor vehicles in interstate commerce, or where such activities are so trivial, casual, and insignificant as to be de minimus, the exemption does not apply."  Major v. Chons Bros., Inc., 53 P.3d 781, 784 (Colo. Ct. App. 2002) (citing to 29 C.F.R. § 782.2(b)(3); and Opelika Royal Crown Bottling Co. V. Goldberg, 299 F.2d 37, 43 (5th Cir. 1962).

The plaintiff never left the state of Florida for purposes of his employment with the defendant.  The plaintiff never agreed to leave the state of Florida for work, nor was he ever asked to do so.  While the defendant owner, Robert Muriedas indicated that the defendant could have been asked to leave the state of Florida, the plaintiff never left the state.  Accordingly, the undersigned finds that the second above-mentioned prong has not been met, and summary judgment should be granted to the extent that the motor carrier act does not apply to the plaintiff in this matter because the plaintiff's class of work did not involve interstate commerce.

## RULING

Based on the foregoing, it is ORDERED AND ADJUDGED that the Defendants' Motion for Partial Summary Judgment (DE # 31, 1/22/12) is DENIED and the Plaintiff's

Motion for Summary Judgment (DE # 36, 1/30/12) is GRANTED.  The MCA exemption

will not apply to the work performed by the plaintiff in this matter because the plaintiff

was not involved in interstate commerce.

        DONE AND ORDERED in Chambers, Miami, Florida, this **15ᵗʰ** day of March,

2012.

                                                 JOHN J. O'SULLIVAN
                                                 UNITED STATES MAGISTRATE JUDGE

              Copies furnished to:
              All Counsel of Record